UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:25 CR 9** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Omari Clifton,** | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's *pro se* Motion to Withdraw Guilty Plea. (Doc. 59). For the following reasons, the motion is DENIED.

**Facts**

The government sets forth the brief background facts:

On December 4, 2024, a search warrant was executed on 13604 Maplerow Avenue in Garfield Heights, Ohio. During the execution of the warrant, officers found Clifton present inside the home, along with a woman and five young children. As officers searched the residence, Clifton told a member of the SWAT team that the "shit they want is in the black backpack upstairs." Upstairs, agents found a black backpack in the master bedroom, which contained two loaded firearms, more than 40 grams of fentanyl, and more than 28 grams of crack cocaine, and other drug paraphernalia.

1

(Doc. 64 at 1-2).

Defendant was charged on January 7, 2025, with three counts of Possession with Intent to Distribute Controlled Substances, Felon in Possession of a Firearm and Ammunition, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Following the denial of a motion to suppress, the Court held a change of plea hearing on November 4, 2025, wherein defendant entered a plea of guilty to all five counts. At a hearing held on December 9, 2025, defendant's request to proceed *pro se* was granted.

This matter is now before the Court upon defendant's Motion to Withdraw Guilty Plea.

**Standard of Review**

Federal Rule of Criminal Procedure 11(d) governs the standard for withdrawal of a guilty plea. As applicable to this case, the Rule states that a defendant may withdraw his guilty plea "after the court accepts the plea, but before it imposes sentence if...the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

The Sixth Circuit has recently restated the familiar test in assessing a motion to withdraw a plea:

> We review a district court's denial of a defendant's motion to withdraw a plea for abuse of discretion." *United States v. Carson*, 32 F.4th 615, 623 (6th Cir. 2022). A district court abuses its discretion if it "relies on clearly erroneous findings of fact, improperly applies the law[,] or uses an erroneous legal standard." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).
>
> "[T]he movant has the burden of establishing that his presentence motion to withdraw his plea should be granted." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). And a defendant can do so only if he demonstrates "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Seven factors that this court can consider to assess whether a defendant's reason is "fair and just" are: "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether

> the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *Carson*, 32 F.4th at 623 (citation modified). These factors represent "a general, non-exclusive list." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam).

*United States v. Wright,* 2025 WL 2051226 (6th Cir. July 22, 2025). And,

> A defendant has no right to withdraw his guilty plea." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Instead, he must show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[T]he aim of th[is] rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.' " *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (per curiam) (citation omitted).

*United States v. Troutman,* 2025 WL 1144936 (6th Cir. April 18, 2025).

**Discussion**

Defendant asserts several arguments in support of his motion. For the following reasons, none warrants withdrawal of the plea.

Defendant maintains that his plea was not knowing, voluntary, or intelligent because the plea was induced by misrepresentation. Specifically, defendant contends that the government represented during discovery proceedings that the SEALE agents were acting as federal task force officers with authority to act in Cleveland although they actually lacked jurisdiction in this instance. Defendant asserts that the government produced no evidence or deputation orders that the agents were federal task force officers. Defendant maintains that while the Court initially accepted the government's position, it later abandoned it when it stated that the task force status was irrelevant. Defendant asserts that the government's action amounts to prosecutorial misconduct. Further, if he had known the correct status of the SEALE agents and the legality of their conduct, his suppression motion would have resulted in a positive outcome and he would

not have plead guilty.

Initially, defendant has no evidence to dispute the government's contention that the SEALE agents were federal task force officers. Regardless, in denying the motion to suppress, the Court stated that the issue of "whether Detective Stanton was working in the capacity of an FBI task force member during the controlled purchases... [was] irrelevant for purposes of Defendant's motion because no law prevents the SEALE detectives from observing suspected criminal activity outside their jurisdictional territory." (Doc 44 at f.n. 2). The outcome of the motion to suppress would not have been different even if the SEALE agents were not federal task force officers.

Next, defendant asserts that the Court made erroneous rulings on defendant's discovery motions leading to a lack of necessary evidence and a plea based on ignorance and duress. However, defendant's Plea Agreement expressly reserved defendant's right to appeal the Court's rulings denying defendant's motion to compel (Doc. 33) and motion to suppress (Doc. 44). (Plea Agreement ¶ 20). At the change of plea proceedings, the Court asked defendant whether he understood that paragraph 20 of his Plea Agreement reserved the right to appeal these two rulings. Defendant answered that he understood. (Doc. 63 at 12).

Finally, defendant argues that his counsel was not effectively prepared for trial and he would not have plead guilty if counsel had been properly prepared. Defendant also asserts that his counsel's performance fell below objective standards of reasonableness amounting to the ineffective assistance of counsel.

Defendant's assertions are not persuasive. Defendant entered his plea on November 4, 2025. Trial had been scheduled for November 17, 2025. Counsel, therefore, had another 13 days

to prepare. Additionally, defendant stated under oath during the plea colloquy that he was satisfied with the representation of his attorney. (Doc. 63 at 4). Thus, defendant's current assertion that his counsel was ineffective appears disingenuous. See *Massengill v. United States*, 2024 WL 3975885, at *7 (W.D. Tenn. Aug. 28, 2024) (The court rejected the ineffective assistance of counsel argument when defendant stated under oath that he was satisfied with his attorney's representation. "A defendant's response in open court and as part of a Rule 11 plea colloquy "must prevail over the assertions in [a] § 2255 motion." )[1]

Having considered defendant's arguments, the Court now turns to the well-established factors, set forth above, which defendant fails to address.

**1) the amount of time that elapsed between the plea and the motion to withdraw it, and a valid reason for failure to move earlier**

"The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citing *United States v. Baez,* 87 F.3d 805, 808 (6th Cir.1996)).

Defendant entered his plea on November 4, 2025. Although defendant did not file his Motion to Withdraw Guilty Plea until December 11, 2025, he did send papers to the Court around two weeks after the plea seeking *pro se* status and indicating an intention to withdraw the plea.

Thirty days has often been seen as a cut-off point for allowing withdrawal of a plea. "This

---

[1] Moreover, in a separate motion, defendant seeks the appointment of Jeffrey Lazarus, who represented him previously, to act as standby or advisory counsel. This undermines defendant's assertion that Mr. Lazarus is ineffective.

Court has refused to allow plea withdrawal when intervening periods were as brief as one month." *United States v. Gasaway,* 437 Fed.Appx. 428 (6th Cir. 2011) (citing *United States v. Benton*, 639 F.3d 723, 727 (6th Cir.2011) (collecting cases)). See also *United States v. Asefa,* 2025 WL 3274792, at *3 (S.D. Ohio Nov. 25, 2025), citing *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (citation modified) (finding a 30-day delay to be "at the boundary line between what is acceptable and what is not"); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (holding that an "unjustified 75–day delay, alone, supported the court's denial"); *United States v. Durham*, 178 F.3d 796, 798–99 (6th Cir. 1999) ("The strongest factor supporting the district court's denial of Durham's motion is the length of time between Durham's plea and the filing of his motion to withdraw. Durham waited approximately seventy-seven days to file his motion after entering his guilty plea.")

Motions to withdraw plea have been denied in cases involving shorter periods of time. In *United States v. Powell,* 236 Fed.Appx. 194 (6th Cir. 2007), the time elapsed was only 6 days but the court recognized that this was just one of the factors and the other factors weighed against granting the motion. The court stated:

> Moreover, this court has affirmed the denial of a motion to withdraw where as few as three days had elapsed between the entry of the plea and the motion to withdraw. United States v. Rankin, No. 95-3112, 1996 WL 464982, at *3 (6th Cir. Aug.14, 1996) (holding that the district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea where "the court considered and made findings as to the relevant factors, and explained its decision to accord more weight to certain of those factors").

See also *US v. Quinlan,* 473 F.3d 273(6th Cir. 2007), citing to *United States v. Spencer,* 836 F.2d 236, 239 (6th Cir.1987) (noting that a delay of 22 days was the strongest factor supporting the district court's denial).

This factor does not weigh heavily against defendant considering that he indicated his intention to withdraw his plea less than two weeks after the plea. Thus, the second factor, the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings, is not relevant.

**(2) whether the defendant has asserted or maintained his innocence**

Defendant has not asserted his innocence and this factor weighs heavily in favor of denial.

The 6th Circuit has recognized that a defendant who does not maintain his innocence will not "enure to [his] benefit." *United States v. Goddard,* 638 F.3d 490 (6th Cir. 2011) citing *United States v. Baez*, 87 F.3d 805, 809 (6th Cir.1996) ("Some courts have held that the absence of a defendant's vigorous and repeated protestations of innocence support the denial of a motion to withdraw a guilty plea.").

This factor weighs against granting the motion.

(**3) the circumstances underlying the entry of the guilty plea**

This factor does not weigh in defendant's favor as this Court conducted a thorough Rule 11 colloquy.  See *Asefa, supra,*

> The Sixth Circuit holds that a "defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007) (citation modified). Here, there is no question that the Court conducted a thorough Rule 11 colloquy, during which [defendant] repeatedly acknowledged that he was pleading guilty of his own free will with a full understanding of his rights and the consequences of his plea.

As the government points out, defendant acknowledged under oath this Court's review of defendant's waiver of trial rights, the maximum penalties, the guidelines, appellate rights, and

7

other matters required by Rule 11. (Doc. 63). Defendant signed the Plea Agreement, assenting to the factual basis of his conviction.

Additionally, defendant had three lawyers before deciding to enter his plea, and any claim of ineffective assistance of counsel as a basis to withdraw the plea is not persuasive. Defendant's first attorney asked to withdraw citing a disintegration of the attorney/client relationship and noted that defendant insisted on taking action in which counsel had a fundamental and legal disagreement. Defendant's second attorney asked to withdraw noting that he had actively participated in multiple pretrial conferences and engaged in negotiations with the government in an effort to reach a resolution, but was unable to do so. The attorney stated that he thoroughly advised the defendant regarding the nature of the charges, potential penalties, and all relevant consequences, but defendant had elected to proceed to trial. He further stated that he had complied with all reasonable requests of the defendant, maintained regular communication, and ensured that the defendant remained informed of the case's developments. But, he recently met with the defendant to provide a case update and to discuss the defendant's request for counsel to withdraw. Following that discussion and based on continuing communication issues and a fundamental breakdown in the attorney/client relationship, the attorney asked to withdraw citing irreconcilable differences. Defendant's last counsel filed several pretrial motions and ultimately asked to withdraw citing a desire by defendant to proceed *pro se.*

This factor weighs heavily in favor of denying the motion.

**(4) the defendant's nature and background, and criminal experience**

The Court agrees with the government that defendant has not exhibited a reason to find that his nature and background support withdrawal of the plea. (Doc. 64 at 8). Additionally,

defendant's extensive criminal history has given him experience with the criminal justice system.

This factor weighs against granting the motion.

**(5) potential prejudice to the government if the motion to withdraw is granted**

As defendant has not presented a fair and just reason for withdrawing his guilty plea, the Court need not address prejudice. Even if the Court were to reach this issue, it would find that the government would be prejudiced after justifiably relying on defendant's guilty plea.

**Conclusion**

For the foregoing reasons, defendant's *pro se* Motion to Withdraw Guilty Plea is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court

Date: 1/21/26